**FILED**

JAMES J. VILT, JR. - CLERK

DEC 1 6 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.                                                    CRIMINAL NO. 3:25-CR-2-DJH

SUKHJIT BAINS                                                          DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America, by Kyle G. Bumgarner, United States Attorney for the Western District of Kentucky, and defendant, Sukhjit Bains, and his attorney, Larry Simon, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Superseding Indictment in this case with violations of Title 21, United States Code, Sections 841(b)(1)(B); Title 18 United States Cide, Sections 933, 924(c)(1)(A), 922(o),  and 922(g)(1).  Defendant further acknowledges that the Indictment in this case seeks forfeiture of: a Smith and Wesson, model M&P 9L, 9 millimeter semi-automatic pistol, bearing serial number HNL4745; a Smith and Wesson, model SD9VE, 9 millimeter semi-automatic pistol, bearing serial number HER2934; a Taurus, model PT145 Pro, .45 caliber semi-automatic pistol, bearing serial number NFU74319; a Smith and Wesson, model SW380, .380 auto semi-automatic pistol, bearing serial number RAB0402; a SCCY, model CPX-2, 9 millimeter semi-automatic pistol, bearing serial number C216699; a Kahr, model CW9, 9 millimeter semi-automatic pistol, bearing serial number YD6450; a Glock 23, .40 caliber semi-automatic pistol, bearing serial number EDW632US; DMPS model A-15, 5.56 caliber semi-automatic rifle, bearing  serial number FH217837; a

Diamondback model DB-15, multi-caliber semi-automatic rifle, bearing serial number DB-1814188; a Charter Arms model Pathfinder 22, 22LR revolver bearing serial number 1104646; a Smith and Wesson, model 10, .38 caliber revolver, bearing serial number 73228; a privately made, 3D printed semi-automatic pistol, bearing no markings or serial number; a Beretta, model PX4 Storm, 9 millimeter semi-automatic pistol, bearing serial number PX0201N; a Taurus, model G2C, .40 caliber semi-automatic pistol, bearing serial number ABK017972; a Ruger model LCP, .38 caliber semi-automatic pistol, bearing serial number 372350968; a Rock Island Armory, model 1911, .45 caliber semi-automatic pistol, bearing serial number RIA2179788; a Ruger model LC9S, 9 millimeter semi-automatic pistol, bearing serial number 327-63052; a Smith and Wesson, model M&P 45 Shield, .45 caliber semi-automatic pistol, bearing serial number JBT6585; a privately made .300 Blackout, semi-automatic rifle, bearing no serial numbers, equipped with a silencer; a Del-Ton model DTI-15, 5.56 millimeter semi-automatic pistol, bearing serial number B90313; a Cobray model M-11/Nine, 9 millimeter semi-automatic pistol, bearing serial number 85-0003573; a Smith and Wesson model M&P 380 Shield EZ, .380 auto semi-automatic pistol, bearing serial number NFV4228; a Glock model 43X, 9 millimeter semi-automatic pistol, bearing serial number BLYG103; a Glock model 45, 9 millimeter semi-automatic pistol, bearing serial number CAWG241; a 3D printed Glock type machine gun conversion device bearing no serial number, and ammunition pursuant to Title 26, United States Code, Sections 5841, 5861(d), and 5871, by reason of the offenses charged in the Superseding Indictment.

2.    Defendant has read the charges against him contained in the Superseding Indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

2

3.    Defendant will enter a voluntary plea of guilty to Counts 1, 2, 3, 5, 7, and 8-10 in this case. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

**Count 1:**  On or about November 20, 2024, in the Western District of Kentucky, the Defendant and his co-defendant did conspire to sell several firearms to a confidential law enforcement source equipped with audio and video recording devices, and had reasonable cause to believe that the possession of the firearms by the confidential law enforcement source would constitute a felony because they were prohibited from possessing firearms.

**Counts 2-3:**  On or about November 20, 2024, in the Western District of Kentucky, the Defendant aided and abetted his co-defendant to sell over 50 grams of a mixture containing methamphetamine to a confidential law enforcement source equipped with audio and video recording devices. The Defendant possessed a firearm during and in furtherance of the drug transaction.

**Count 5:**  On or about November 20, 2024, in the Western District of Kentucky, the Defendant possessed several firearms which had affected interstate commerce with the knowledge that he was prohibited from possessing firearms due to previous felony convictions.

**Counts 7-8:**  On or about December 12, 2024, in the Western District of Kentucky, the Defendant and his co-defendant did conspire to sell several firearms, including a Glock type machine gun conversion device, to a confidential law enforcement source equipped with audio and video recording devices, and had reasonable cause to

3

believe that the possession of the firearms by the confidential law enforcement source would constitute a felony because they were prohibited from possessing firearms.

**Count 9:** On or about December 12, 2024, in the Western District of Kentucky, the Defendant possessed several firearms which had affected interstate commerce with the knowledge that he was prohibited from possessing firearms due to previous felony convictions.

**Count 10:** On or about December 12, 2024, in the Western District of Kentucky, the Defendant sold over 50 grams of a mixture containing methamphetamine to a confidential law enforcement source equipped with audio and video recording devices.

4.      Defendant understands that the charges to which he will plead guilty carry a combined minimum term of imprisonment of 10 years a maximum term of imprisonment of life, a combined maximum fine of $11,250,000, and a supervised release of at least 5 years. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit the firearms listed in paragraph 1.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District

4

Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.    Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release.  §§5D1.1, 5D1.2, 5D1.3.

7.    Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.    If defendant persists in a plea of not guilty to the charge[s] against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear

voluntarily, he could require their attendance through the subpoena power of the Court.

C.    At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify.  If defendant desired to do so, he could testify in his own behalf.

8.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9.    Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount $100 per count for felony offenses to the United States District Court Clerk's Office by the date of sentencing.

10.    At the time of sentencing, the United States and the defendant agree to the following:

-move for dismissal of Count 11 of the Superseding Indictment.

-agree that a sentence of 15 years is the appropriate disposition of this case.

-agree that a fine at the lowest end of the applicable Guideline Range is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

§3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-demand forfeiture of the firearms listed in paragraph 1.

11. Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under USSG §1B1.13(b)(6) ("Unusually Long Sentence").

12. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

13. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation, with the exception of a bracelet and watch identified as Asset ID # 25-ATF-005196 and Asset ID # 25-ATF-005273, and waives any right

7

to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that the remaining items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

14.    The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

15.    If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1)(C), or dismiss Count 11 pursuant to Fed. R. Crim. P. 11(c)(1)(A), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement.

16.    Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

17.    This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

8

AGREED:

KYLE G. BUMGARNER
United States Attorney

By:

_____          Dec. 15, 25
Joshua R. Porter                              Date
Assistant United States Attorney


    I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____          12/16/2025
Sukhjit Bains                                 Date
Defendant


    I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          12/16/2025
Larry Simon                                   Date
Counsel for Defendant


KGB:JRP

9

The United States of America is authorized to inquire about your financial condition and economic circumstances and may verify any information provided in this Financial Disclosure Statement.

This statement is considered incomplete unless you have (1) completed each section fully and accurately, including those sections applicable to your spouse (if not relevant information, enter "Not Applicable" or "N/A"), (2) provided all supportive documentation in your custody, possession, and control identified in Section 16 of this disclosure statement, (3) certified that the information contained herein is true and correct as of the date that you submit this form to the United States Attorney's Office as set forth in the attached Certification, and (4) initialed the bottom of each page of this form acknowledging that the information you are providing is current, accurate, and complete as of the date that you are submitting it.

I ☐ am ☐ am not *(check one)* represented by counsel in the collection of this debt. If I am represented by counsel, I acknowledge having reviewed the foregoing instructions with my counsel._____
_____ *(name, phone number, email)*.

NOTE: If additional space is needed in completing any of the sections on this statement, please make a copy of the relevant page(s) and attach it to this form.

Authority for the solicitation of the requested information includes one or more of the following: 5 U.S.C. § 301, 901 (*see* Note, Executive Order 6166, June 10, 1933); 28 U.S.C. § 501–530A; 28 U.S.C. § 1651, 3201–3206; 31 U.S.C. § 3701–3731; 44 U.S.C. § 3101; 31 C.F.R. Part 900 *et seq.*; 28 C.F.R. § 0.160, 0.171 and Appendix to Subpart Y; and 18 U.S.C. § 3664(d)(3).

The principal purpose for gathering this information is to evaluate your ability to pay the government's claim or judgment against you. Routine uses of the information are established in the applicable Privacy Act Systems of Records Notice: JUSTICE/DOJ-001 Accounting Systems for the Department of Justice - 69 FR 31406; JUSTICE/DOJ-016 Debt Collection Enforcement System - 77 FR 9965; JUSTICE/TAX-001 Criminal Tax Case Files, Special Project Files, Docket Cards, and Associated Records - 71 FR 11446, 447; JUSTICE/USA-005 Civil Case Files - 53 FR 1864; and JUSTICE/USA-007 Criminal Case Files - 53 FR 1864. Disclosure of the information is voluntary. If the requested information is not furnished, the United States may seek disclosure through other means.